IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROYAL DOMINGO FLAGG,

**Plaintiff,**

v.                                    CASE NO. 22-3280-JWL-JPO

BRIAN BELLINGER, ET AL.,

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Royal Domingo Flagg is a Kansas prisoner incarcerated at the Barton County Jail (BCJ) in Great Bend, Kansas. He commenced this pro se civil action pursuant to 42 U.S.C. § 1983 on October 27, 2022 and he proceeds in forma pauperis. The matter comes before the Court on Plaintiff's motion for injunction, filed November 29, 2022. (Doc. 12.)

As the factual background for this matter, Plaintiff alleges that he requested kosher or halal meals because he is a Muslim, but the food he has been given at the BCJ in response to his religious-diet request has made him sick, caused him to lose weight, and is nutritionally deficient. Plaintiff alleges that his requests to BCJ staff for additional kosher or halal food have been denied and he was told that he would receive no additional food unless he retracted his religious-diet request. After reviewing the complaint, the Court concluded that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the Barton County Jail. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.3d 1106 (10th Cir. 1991). Thus, the Court directed the clerk of the court to enter the Sheriff of Barton County, Kansas as an interested party on the docket and directed the Sheriff to prepare and file a *Martinez* report on or before January 14, 2023. (Doc. 10.)

1

On November 29, 2022, Plaintiff filed a motion for "[i]njunction for medical attention." (Doc. 12.) Therein, Plaintiff asserts that while waiting for the *Martinez* report, he has been experiencing kidney pain, which he believes might be an early sign of kidney failure caused by the high amount of sodium in the food on which he is forced to subside: the ramen noodle soup provided by the BCJ and sardines and honey buns Plaintiff purchases from the BCJ canteen. Plaintiff alleges that he reported the kidney pain for "weeks" and was ultimately seen by a nurse. The nurse did no urine testing or blood work but prescribed Plaintiff an antibiotic. The kidney pain continued and the nurse eventually told Plaintiff "he would have an ultrasound done on" November 29, 2022; Plaintiff asserts that he did not undergo an ultrasound on that date. Plaintiff asks the Court to enter an injunction directing Defendants to take him to a hospital, where he can undergo proper urine and blood testing to determine any medical issues, and to provide Plaintiff's medical records to the Court.

> "When seeking a preliminary injunction, 'the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.' In addition, the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.' A mandatory preliminary injunction--one which requires the nonmoving party to take affirmative action--is 'an extraordinary remedy' and is generally disfavored. Before a court may grant such relief, the movant must 'make a heightened showing of the [] factors.'"

*Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal citations omitted).

The Court has carefully considered the allegations in Plaintiff's motion and concludes that a preliminary injunction is not required at this time. Plaintiff's motion asserts that he was informed he would receive an ultrasound on November 29, 2022, but he filed his motion for injunction before noon on that same day. Thus, the Court cannot know whether Plaintiff underwent an ultrasound sometime during the afternoon of the day on which it was anticipated. In addition, Plaintiff has not

2

made the heightened showing of the four factors needed for this Court to enter a mandatory preliminary injunction. The Court will, however, deny the motion without prejudice so that Plaintiff may refile it with additional information if he so desires.

In addition, due to the urgent nature of this case and the potential for danger to Plaintiff's health, the Court will shorten the amount of time afforded to the officials of the Barton County Jail to file the *Martinez* report. Accordingly, the *Martinez* report shall be filed no later than **December 29, 2022**, unless the time is extended by the Court. Plaintiff shall have thirty (30) days following the issuance of the *Martinez* report to file a reply.

**IT IS THEREFORE ORDERED** that the motion for preliminary injunction (Doc. 12) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that *Martinez* report ordered in the Court's November 15, 2022 order (Doc. 10) is now due on or before **December 29, 2022**. The clerk of the court is directed to mail a copy of this order to the Sheriff of Barton County, Kansas. Plaintiff is granted thirty (30) days following the issuance of the *Martinez* report to file a reply.

**IT IS SO ORDERED.**

DATED:   This 29th day of November, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge