IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROYAL DOMINGO FLAGG,**

**Plaintiff,**

v.                                                                       CASE NO. 22-3280-JWL-JPO

**BRIAN BELLINGER, ET AL.,**

**Defendants.**

### MEMORANDUM AND ORDER

Plaintiff Royal Domingo Flagg is a Kansas prisoner incarcerated at the Barton County Jail (BCJ) in Great Bend, Kansas. He commenced this pro se civil action pursuant to 42 U.S.C. § 1983 on October 27, 2022 and he proceeds in forma pauperis. The matter comes before the Court on Plaintiff's second motion for preliminary injunction. (Doc. 15.)

As the factual background for this matter, Plaintiff alleges that the food he has been given at the BCJ in response to his religious-diet request has made him sick, caused him to lose weight, and is nutritionally deficient. Plaintiff alleges that his requests to BCJ staff for additional kosher or halal food have been denied and he was told that he would receive no additional food unless he retracted his religious-diet request. After reviewing the complaint, the Court added the Sheriff of Barton County, Kansas to the docket as an interested party and ordered the Sheriff to prepare and file a *Martinez* report including additional information on or before January 14, 2023. (Doc. 10.) *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.3d 1106 (10th Cir. 1991).

On November 29, 2022, Plaintiff filed a motion for "[i]njunction for medical attention." (Doc. 12.) Therein, Plaintiff asserted that while waiting for the *Martinez* report, he experienced

1

kidney pain, which he believes might be an early sign of kidney failure caused by the high amount of sodium in the food on which he is forced to subside: the ramen noodle soup provided by the BCJ and sardines and honey buns Plaintiff purchases from the BCJ canteen. Plaintiff alleged that he reported the kidney pain for "weeks" and was ultimately seen by a nurse, who did no urine testing or blood work but prescribed Plaintiff an antibiotic. The kidney pain continued and the nurse eventually told Plaintiff "he would have an ultrasound done on" November 29, 2022. In his motion for injunction, Plaintiff asserted that he did not undergo an ultrasound on that date. He asked the Court to enter an injunction ordering Defendants to take him to a hospital for urine and blood testing to determine any medical issues and to provide Plaintiff's medical records to the Court.

The Court considered the motion and issued an order the same day denying it without prejudice. (Doc. 13.) The Court noted that the day of the anticipated ultrasound had not yet concluded at the time Plaintiff filed the motion. The Court also explained the factors Plaintiff must demonstrate in order to obtain a preliminary injunction and identified the higher showing required when the injunction being sought would require the nonmoving party to take affirmative action. Ultimately, the Court "den[ied] the motion without prejudice so that Plaintiff may refile it with additional information if he so desires." (Doc. 13, p. 3.) In addition, the Court shortened the amount of time afforded for preparing and filing the *Martinez* report, making it due December 29, 2022.

This matter comes now before the Court on Plaintiff's motion for preliminary injunction. (Doc. 15.) The motion contains information not included in the first motion for preliminary injunction; although not all of that information is detailed here, the Court has carefully considered it. Of particular importance are Plaintiff's allegations that although he took the first round of prescribed antibiotic, he refused subsequently prescribed pain medication and a second round of antibiotics. *See id.* at 3-4. Plaintiff's request to see the nurse and doctor have been met, although not as quickly as Plaintiff would like. Plaintiff saw a doctor on December 1, 2022, at the BCJ and was

2

able to explain to the doctor his symptoms, the progression of his symptoms, and his desire for blood and urine testing to ensure that he was treated appropriately. *Id.* at 4-5. The doctor then directed the nurse to schedule Plaintiff for such testing and Plaintiff returned to his unit. *Id.* at 5. Plaintiff advises the Court that "[t]o date no blood or urine samples have been taken." Plaintiff again asks the Court to issue a preliminary injunction ordering (1) that he be taken to the local hospital, (2) that blood and urine tests be completed at the hospital by hospital staff, (3) that the hospital staff prescribe the appropriate medication based on the test results, (4) that the Court be informed of the tests completed and the findings of such tests, and (5) that Plaintiff "not suffer any further physical harms." *Id.* at 11-12.

As with his previous motion, Plaintiff seeks a "mandatory" injunction; he asks this Court to require the BCJ to take specific action "and as a result . . . place[] the issuing court in a position where it may have to provide ongoing supervision to assure the [BCJ] is abiding by the injunction." *See Shrier v. Univ. of Colo.*, 427 F.3d 1253, 1261 (10th Cir. 2005) (citation omitted). As stated in the Court's prior order:

> "When seeking a preliminary injunction, 'the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.' In addition, the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.' A mandatory preliminary injunction--one which requires the nonmoving party to take affirmative action--is 'an extraordinary remedy' and is generally disfavored. Before a court may grant such relief, the movant must 'make a heightened showing of the [] factors.'"

*Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal citations omitted).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It is a remedy that is appropriate only when the movant's right to relief is clear

3

and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Thus, because preliminary injunctions are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

After carefully considering the motion and the relevant law, the Court concludes that Plaintiff has not done so. Specifically, the motion currently before the Court fails to show a "likelihood that [Plaintiff] will suffer irreparable harm in the absence of preliminary relief," which is the second factor. *See Little*, 607 F.3d at 1251. Because he fails to establish this factor, the remaining three factors need not be considered. *See Johnson & Johnson Vision Care, Inc. v. Reyes*, 665 Fed. Appx. 736, 747 (10th Cir. 2016) (unpublished order and judgment) (concluding that because the district court did not abuse its discretion in determining that one of the factors of a preliminary injunction was not satisfied, "it is unnecessary to address the remaining factors of the preliminary injunction standard").

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

To the extent that Plaintiff argues that the denial of medical care is itself the irreparable harm, such argument is premature. According to the allegations in the motion, the doctor ordered the desired tests on Thursday, December 1, 2022. When those tests did not occur by the end of

4

Friday, December 2, 2022, Plaintiff completed and mailed his motion for preliminary injunction. (*See* Doc. 15, p. 12. (motion signed and dated December 3, 2022).) The Court acknowledges the discomfort that Plaintiff is in and his desire for prompt testing and treatment, but the failure to order, schedule, and complete blood and urine tests of a prisoner in state custody within one business day does not demonstrate that those tests are not forthcoming.

To the contrary, it appears from the motion that Plaintiff's requests for medical evaluation and even his request for blood and urine testing are being accommodated, albeit not as quickly as Plaintiff would prefer. There is no allegation that Plaintiff has been denied medical care altogether or that he has been denied medical assistance in an emergency. Thus, Plaintiff has not sufficiently shown a likelihood that he will suffer irreparable harm if the Court does not order the BCJ to take him to an independent hospital for testing and treatment. *See White v. Goff*, 348 Fed. Appx. 366, 369 (10th Cir. 2009) (affirming denial of motion for preliminary injunction where "the record shows [Plaintiff] is receiving medical treatment from Defendants").

In addition, the potential existence of kidney failure also does not constitute a sufficiently likely irreparable harm in this case. Plaintiff argues that kidney problems "are possible" due to his high-sodium diet and that "kidney failure would create irreparable harm[] that could include death." (*See* Doc. 15, p.7.) His fear of kidney failure, however, does not rest on a kidney failure diagnosis. And, as explained above, the BCJ's attempts to diagnose and treat Plaintiff's existing kidney pain are not so lacking that the denial of care itself creates a likelihood of irreparable harm. In other words, Plaintiff's allegations do not establish that irreparable injury to his kidneys is not theoretical, or that kidney failure is more than merely feared as liable to occur in the future.

5

The Court finds that Plaintiff has not met his burden to show a likelihood that he will suffer irreparable harm if the preliminary injunction is denied. Accordingly, the motion for preliminary injunction (Doc. 15) will be denied without prejudice.

**IT IS THEREFORE ORDERED** that the motion for preliminary injunction (Doc. 15) is **denied without prejudice.**

**IT IS SO ORDERED.**

DATED:   This 5th day of December, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge