IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROYAL DOMINGO FLAGG,

                **Plaintiff,**

    v.                                                      CASE NO. 22-3280-JWL-JPO

BRIAN BELLINGER, ET AL.,

                **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

When Plaintiff Royal Domingo Flagg began this pro se civil action pursuant to 42 U.S.C. § 1983 on October 27, 2022, he was a Kansas prisoner incarcerated at the Barton County Jail (BCJ) in Great Bend, Kansas.[1] In the complaint, Plaintiff names as Defendants Barton County Sheriff Brian Bellinger, Sergeant Parks, Deputy Smith, Deputy Vonfeldt, Deputy Tripp, Deputy Kennon, and currently unidentified kitchen personnel at BCJ. (Doc. 6, p. 1-3.) Plaintiff's claims relate to the alleged denial of a nutritionally adequate diet that conforms to Plaintiff's religious beliefs. *Id.* at 2-8. As relief, Plaintiff asks the Court to enter an injunction ordering Defendants to provide him a nutritionally adequate religious diet, award monetary damages for physical suffering, and order Defendants to pay any legal fees. *Id.* at 8.

On November 15, 2022, the Court ordered the appropriate officials of BCJ to prepare and file a *Martinez* report containing additional relevant information. (Doc. 10.) *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.3d 1106 (10th Cir. 1991). The Sheriff

---

[1] Local Rule 5.1(b)(3) requires a pro se party to "notify the clerk of any change of address or telephone number." D. Kan. 5.1(b)(3). The address of record for Plaintiff in this matter remains the BCJ, but it appears from the supplement to the *Martinez* report that Plaintiff has been released from custody. Plaintiff will be granted 20 days to provide the clerk of court, in writing, with his current mailing address. The failure to timely comply may result in its dismissal without further prior notice to Plaintiff.

1

of Barton County, Kansas filed the *Martinez* report on December 29, 2022. (Doc. 18.) Later that day, the Sheriff of Barton County, Kansas filed a supplement to the *Martinez* report informing the Court that Plaintiff had been released from custody at the BCJ. (Doc. 23.)

Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974. The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's release from incarceration generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief). The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated at BCJ, his claims for injunctive relief are moot and subject to dismissal.

Plaintiff also seeks "[m]onetary damages this Court see[s] fit for legal fees[] and physical suffering." (Doc. 6, p. 8.) The United States Supreme Court has held that "no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). Even liberally construing the complaint, as is appropriate since Plaintiff proceeds pro se, the only allegations related to an actual or physical injury suffered by Plaintiff are his allegations that the diet he was given caused him to lose weight and was "making [him] sick." (Doc. 6, p. 2, 4, 6.) Although Plaintiff included additional allegations in his motions for preliminary injunction filed in this matter, the Court conducts its statutorily required initial screening of a case such as this based on the complaint. *See* 28 U.S.C. § 1915A.

At this point in the case, the Court accepts all well-pleaded allegations in the complaint as true. *See Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Even doing so, however, the conclusory allegations that the diet provided to Plaintiff at BCJ made him sick and caused him to lose weight are not sufficient to show the type of actual injury required to support a plausible claim for compensatory damages. For example, the complaint does not allege how much weight Plaintiff lost as a result of the diet or the symptoms Plaintiff suffered when he was "sick." *See Escobar v. Mora*, 496 Fed. Appx. 806, 811 (10th Cir. 2012) (unpublished) ("Not all weight loss reflects an unconstitutional deprivation . . . ."). Thus, Plaintiff's claims for compensatory damages, although not mooted by his release from BCJ, appear subject to dismissal. Plaintiff will be given the opportunity to show cause why his claims for compensatory damages should not be dismissed.

In the alternative, Plaintiff may file an amended complaint that sufficiently describes the "physical suffering" for which Plaintiff seeks compensatory damages. If Plaintiff chooses to file an amended complaint, he must do so on court-approved forms. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not

3

incorporate by reference any earlier pleading or motion. Rather, the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the currently operative complaint (Doc. 6), which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including January 23, 2023 to inform the clerk, in writing, of his current address. The failure to do so will result in this matter being dismissed without further prior notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including February 3, 2023 to show cause why this matter should not be dismissed for the reasons stated herein. In the alternative, Plaintiff may file on or before February 3, 2023 an amended complaint that sufficiently supports his claim for compensatory damages. The clerk is directed to provide Plaintiff with the appropriate forms.

**IT IS SO ORDERED.**

DATED:   This 3rd day of January, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge