## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ROYAL DOMINGO FLAGG,**

     **Plaintiff,**

     **v.**                  **CASE NO.  22-3280-JWL-JPO**

**BRIAN BELLINGER, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Royal Domingo Flagg, who proceeds pro se and in forma pauperis, brought this civil rights action pursuant to 42 U.S.C. § 1983, while he was an inmate at the Barton County Jail in Great Bend, Kansas. Generally speaking, the complaint asserts that Defendants were unconstitutionally failing to provide a nutritiously sufficient diet that complies with Plaintiff's religious beliefs. (Doc. 6.) On December 29, 2022, the Barton County Sheriff advised the Court that Plaintiff had been released from custody. (Doc. 23.) Plaintiff has provided the Court with his current address (Doc. 27) and he has been ordered to show cause, on or before February 3, 2023, why this matter should not be dismissed or, in the alternative, to file on or before the same date an amended complaint. (Doc. 25.)

The matter comes before the Court on Plaintiff's motion to appoint counsel, which he filed on December 9, 2022, while he was still incarcerated. (Doc. 17.) As Plaintiff acknowledges, he has no constitutional right to appointment of counsel in a civil case. *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). Rather, the decision whether to appoint counsel in a civil matter lies in the Court's discretion. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court

that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Plaintiff alleged in the motion that Defendant Parks had informed him that Barton County Jail staff will provide him with requested cases only if those cases are specifically related to Plaintiff's state criminal case, in which he is proceeding pro se. (Doc. 17, p. 3-4.) Plaintiff also alleged that one of his requests for a specific case was denied because Defendant Parks determined it was not specifically related to Plaintiff's criminal prosecution. *Id.* at 1-2. Further, Plaintiff alleged that the restrictions on his access to legal materials will inhibit his ability to prosecute this § 1983 action and, specifically, to respond to the *Martinez* report. *Id.* at 2.

These articulated concerns, upon which Plaintiff based his request for counsel, are no longer applicable because Plaintiff has been released, so Defendants' restrictions on inmates' access to legal materials no longer affect Plaintiff. Moreover, as noted in the Court's Memorandum and Order to Show Cause issued on January 3, 2023, it is not clear that Plaintiff has asserted a colorable claim against a named defendant. Plaintiff has ably presented facts and arguments to the Court thus far. Accordingly, the Court denies the motion for appointment of counsel without prejudice to refiling the motion if this action survives screening or the relevant circumstances change.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 17) is **denied without prejudice.**

**IT IS SO ORDERED**.

DATED: This 12th day of January, 2023, at Kansas City, Kansas

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge