IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROYAL DOMINGO FLAGG,

                **Plaintiff,**

    v.                                        CASE NO. 22-3280-JWL

BRIAN BELLINDIR, ET AL.,

                **Defendants.**

## MEMORANDUM AND ORDER

When Plaintiff Royal Domingo Flagg began this pro se civil action pursuant to 42 U.S.C. § 1983 on October 27, 2022, he was a Kansas prisoner incarcerated at the Barton County Jail (BCJ) in Great Bend, Kansas. Highly summarized, Plaintiff claims that jail officials denied him a nutritionally adequate diet that conforms to his religious beliefs and he asked the Court for injunctive relief, compensatory damages, and an order directing Defendants to pay his legal fees. (Doc. 6.) On December 29, 2022, while this matter was proceeding, the Sheriff of Barton County, Kansas advised the Court that Plaintiff had been released from custody at the BCJ. (Doc. 23.)

Thus, on January 3, 2023, the Court issued a Memorandum and Order to Show Cause (MOSC) explaining that because Plaintiff is no longer incarcerated at BCJ, his claims for injunctive relief are moot and subject to dismissal. (Doc. 25.) The MOSC also explained that the United States Supreme Court has held that "no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury." *See Farrar v. Hobby*, 506 U.S. 103, 112 (1992). Even liberally construing the complaint, as is appropriate since Plaintiff proceeds pro se, the only allegations therein related to an actual or physical injury are Plaintiff's allegations that the diet he was given caused him to lose weight and was "making [him] sick." (Doc. 6, p. 2, 4, 6.) Even accepting all well-pleaded

1

allegations in the complaint as true, these conclusory allegations are not sufficient to show the type of actual injury required to support a plausible claim for compensatory damages. Thus, Plaintiff's claims for compensatory damages, although not mooted by his release from BCJ, also appear subject to dismissal. The MOSC afforded Plaintiff the opportunity to show cause why his claims for compensatory damages should not be dismissed or, in the alternative, to file an amended complaint that sufficiently describes the "physical suffering" for which he seeks compensatory damages.

This matter comes now before the Court on Plaintiff's amended complaint. (Doc. 31.) To his credit, Plaintiff acknowledges that "some portion of his complaint" is moot. *Id.* at 5. Further, Plaintiff informs the Court that he believes that there are other, more "proper" avenues by which he can pursue his remaining complaints against the BCJ. *Id.* at 5, 7. Plaintiff does, however, continue to ask the Court to order Defendants to reimburse him for court fees and that the Court award him $337.37 to compensate him for the costs he and his wife incurred supplementing his diet while he was incarcerated. *Id.* at 7-9.

Because Plaintiff is proceeding pro se, the Court liberally construes the amended complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Liberally construing the amended complaint, Plaintiff concedes that his requests for injunctive relief are now moot and should be dismissed and he advises the Court that he intends to pursue his remaining claims through channels other than this Court. Finally, the Court notes that the amended complaint does not correct the deficiencies identified in the MOSC: the lack of specific factual allegations sufficient to support a claim of actual injury.

Regarding Plaintiff's request for reimbursement of court costs and for an award of compensatory damages, the Court reminds Plaintiff that he has not succeeded on any of his

underlying claims. Plaintiff provides no legal authority for his apparent belief that the Court can order reimbursement of court costs in a matter in which Plaintiff has not prevailed on the merits of his claims. Accordingly, the Court will dismiss this matter with prejudice and will not award Plaintiff monetary relief or order Defendants to reimburse his costs.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:   This 6th day of February, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge